**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ESTATE OF DEMETRIOS PATSOURAKIS, *et al.*,<br><br>                  Plaintiffs,<br><br>        v.<br><br>TOWNSHIP OF MARLBORO, NEW JERSEY, *et al.*,<br><br>                  Defendants. | Civil Action No. 25-12278 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

Plaintiffs Estate of Demetrios Patsourakis, represented by his surviving spouse Irene Pakis, Nicholas Pakis, and Andrew Pakis (collectively, "Plaintiffs") initially filed their Complaint in this matter on June 27, 2025. (Compl., ECF No. 1.) On August 7, 2025, Defendants Colin Murray ("Murray") and Francesco Bianco ("Bianco") filed a motion to dismiss certain counts of the Complaint. (Murray & Bianco's Mot. to Dismiss Compl., ECF No. 6.) After a stipulated thirty-day extension (Stip. & Order, ECF No. 9) and an additional unwarranted delay, on October 17, 2025, Plaintiffs filed their opposition[1] (Pls.' Opp'n Br. to Mot. to Dismiss Compl., ECF No. 12). That same day, Plaintiffs also filed a First Amended Complaint (First Am. Compl., ECF No. 11) and a Second Amended Complaint (Second Am. Compl., ECF No. 13) without seeking permission to do so. Thereafter, on December 23, 2025, Defendants Quality Medical Transport, Inc. (incorrectly identified as Quality First Aid) ("QMT"), Salvatore Murante ("S. Murante"), and Deborah Ann

---

[1] Murray and Bianco subsequently filed a reply in support of their motion to dismiss on October 29, 2025. (Murry & Bianco's Reply Br., ECF No. 17.) Without seeking permission to do so, on November 3, 2025, Plaintiffs also filed correspondence intended to serve as a "supplemental opposition[.]" (Pls.' Letter Br., ECF No. 18.)

Murante ("D. A. Murante") filed a motion to dismiss the Second Amended Complaint in its entirety. (Mot. to Dismiss Second Am. Compl., ECF No. 22.) Plaintiffs filed an untimely opposition to that motion (Pls.' Opp'n Br. to Mot. to Dismiss Second Am. Compl., ECF No. 23) and QMT, S. Murante, and D. A. Murante replied (Reply Br. to Mot. to Dismiss Second Am. Compl., ECF No. 25).

The Court is concerned about Plaintiffs' failure to abide by deadlines and the Federal and Local Rules of Civil Procedure. Plaintiffs are cautioned that such noncompliance moving forward may result in an Order to Show Cause as to why sanctions should not be imposed. Based upon the Court's inherent authority to control the matters on its docket, and for the sake of clarity, however, the Court finds that the Second Amended Complaint (ECF No. 13) is the operative complaint in this matter.

Based on the foregoing,

**IT IS**, on this _17th_ day of March 2026, **ORDERED** as follows:

1. Murray and Bianco's Motion to Dismiss the original Complaint (ECF No. 6) is **DENIED as moot**.

2. Murray and Bianco shall have **thirty (30) days** from the date of this Order to either: (1) e-file correspondence asking this Court to reinstate their original motion and to apply those arguments in favor of dismissing certain claims in the Second Amended Complaint; or (2) file a new motion to dismiss the Second Amended Complaint.[2]

_Michael Shipp_ (signature)

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] To be clear, Murray and Bianco would be able to raise new arguments in support of a new motion to dismiss the Second Amended Complaint.

2