<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ESTATE OF DEMETRIOS PATSOURAKIS, *et al.*,<br><br>                Plaintiffs,<br><br>                v.<br><br>TOWNSHIP OF MARLBORO, NEW JERSEY, *et al.*,<br><br>                Defendants. | Civil Action No. 25-12278 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon two motions to dismiss Plaintiffs Estate of Demetrios Patsourakis, Nicholas Pakis, and Andrew Pakis's (collectively, "Plaintiffs") Second Amended Complaint (the "SAC") (ECF No. 13): (1) Defendants Colin Murray ("Murray") and Francesco Bianco's ("Bianco" and collectively with Murray, "Policemen Defendants") Motion to Dismiss (ECF No. 6)[1]; and (2) Defendants Quality Medical Transport, Inc.[2] ("QMT"), Salvatore Murante ("Salvatore"), and Deborah Ann Murante's ("Deborah" and collectively with QMT and

---

[1] On March 17, 2026, the Court issued a Memorandum Order denying Policemen Defendants' Motion to Dismiss the original Complaint as moot with an opportunity to either: (1) e-file correspondence asking the Court to reinstate their motion; or (2) file a new motion to dismiss Plaintiffs' SAC. (*See generally* Mar. 17, 2026, Mem. Order, ECF No. 26.) On March 27, 2026, Policemen Defendants e-filed correspondence asking the Court to reinstate their motion and to consider their arguments in favor of dismissal as to Plaintiffs' SAC. (*See generally* Mar. 27, 2026, Correspondence, ECF No. 28.) The Court, accordingly, reinstates Policemen Defendants' Motion to Dismiss. (*See* Policemen Defs.' Mot., ECF No. 6.)

[2] The Court notes that the docket reflects the entity name, "Quality First Aid," which was used in Plaintiffs' SAC. (*See generally* SAC, ECF No. 13.) EMS Defendants' Motion to Dismiss, however, indicates that the entity was incorrectly named. (*See* EMS Defs.' Mot. 2, ECF No. 22.)

Salvatore, "EMS Defendants") Motion to Dismiss (ECF No. 22). Plaintiffs opposed both motions (ECF Nos. 12, 23), and Defendants[3] replied (ECF Nos. 17, 27). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons discussed below, Defendants' motions are granted.

## I.    BACKGROUND[4]

### A.    Factual Background

Plaintiffs bring the SAC "seeking redress for the unconstitutional warrantless entry and forcible seizure of [] Demetrios Patsourakis [('Patsourakis')], a 91-year-old resident of Marlboro Township." (SAC 2.) Patsourakis had advanced dementia and resided at his home in Morganville, New Jersey, under "the continuous care of his wife," with oversight from his sons, Nicholas and Andrew Pakis. (*Id.* ¶¶ 29, 30.)

On June 28, 2023, the Marlboro Township Police (the "Police Department") "responded to a neighbor's call expressing concern over a barking dog and a perceived lack of activity at the residence." (*Id.* ¶¶ 30, 31.) The neighbor did not have a relationship with the Patsourakis family and "did not report any visible emergency, distress, or calls for help." (*Id.* ¶ 31.) Murray, a patrolman, arrived at the property and inspected the exterior of the home without first interviewing the neighbor. (*Id.* ¶ 32.) Murray observed Patsourakis "seated upright and uninjured inside the home" and contacted his son, Nicholas Pakis, who was in Greece at the time. (*Id.* ¶ 33.) During the call, Murray reported that Patsourakis had fallen. (*Id.* ¶ 34.) Murray, however, later retracted his statement and confirmed that Patsourakis was sitting in his chair and was not in distress. (*Id.*)

---

[3] "Defendants" collectively refers to Policemen Defendants and EMS Defendants.

[4] For the purpose of considering Defendants' Motions to Dismiss, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Medical directives, "including Do Not Resuscitate (DNR), Do Not Hospitalize (DNH), and Do Not Transfer (DHS) orders," were visibly posted at Patsourakis's house. (*Id.* ¶ 35.) Despite such notices, Murray, "under the direction of Sergeant David Gurski [('Gurski')], forcibly entered the home without a warrant, consent, or exigent circumstances." (*Id.*) Upon entry, emergency medical technicians from QMT arrived at the scene and, "acting under the direction of their principals, Salvatore . . . and Deborah . . . , failed to verify the legal effect of the posted medical directives and did not consult with any supervisor . . . regarding the necessity of removal." (*Id.* ¶ 36.) Patsourakis, who was nonverbal and thus could not consent, was "forcibly removed from his home" and "transported to a hospital[.]"[5] (*Id.* ¶ 37.) Patsourakis was discharged from the hospital "within hours due to lack of medical need." (*Id.*)

Plaintiffs claim that the incident report prepared by Murray and approved by Gurski omitted "critical facts," including the presence of medical directives and Murray's "verbal retraction regarding an alleged fall." (*Id.* ¶ 39.) The report also contained false statements regarding communications with Patsourakis's family and did not document any "exigent circumstances justifying entry." (*Id.* ¶ 40.) Plaintiffs subsequently filed an internal affairs complaint related to the incident, but the Police Department "refused to accept or process the complaint, in violation of [New Jersey] Attorney General policy." (*Id.* ¶ 41.)

### B.    Procedural Background

Plaintiffs filed their original Complaint in June 2025. (*See generally* Compl., ECF No. 1.) On October 17, 2025, Plaintiffs filed an Amended Complaint. (*See generally* Am. Compl., ECF No. 11.) That same day, Plaintiffs filed the operative SAC, which asserts ten causes of action:

---

[5] According to Plaintiffs, "[t]he forced transport generated a substantial ambulance bill, and the entry caused significant property damage to the home's doors and locks." (SAC ¶ 38.)

3

(1) unlawful search and seizure ("Count One") (SAC 9 ¶¶ 1-4[6]); (2) substantive and procedural due process violations pursuant to 42 U.S.C. § 1983 ("Count Two") (*id.* at 10 ¶¶ 1-4); (3) a violation of 42 U.S.C. § 1983 under a theory of *Monell* liability ("Count Three") (*id.* at 11 ¶¶ 1-4); (4) violations of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 ("Count Four") (*id.* at 12 ¶¶ 1-3); (5) violations of the Americans with Disabilities Act ("Count Five") (*id.* at 13 ¶¶ 1-3); (6) intentional infliction of emotional distress ("Count Six") (*id.* at 14 ¶¶ 1-4); (7) false imprisonment ("Count Seven") (*id.* at 15-16 ¶¶ 1-5); (8) trespass to real property ("Count Eight") (*id.* at 17 ¶¶ 1-4); (9) survival action pursuant to N.J. Stat. Ann. § 2A:15-3 ("Count Nine") (*id.* at 18 ¶¶ 1-3); and (10) declaratory and equitable relief ("Count Ten") (*id.* at 19 ¶¶ 1-3).

On August 7, 2025, Policemen Defendants moved to dismiss all counts against them.[7] (Policemen Defs.' Mot.) Plaintiffs opposed (Pls.' Opp'n to Policemen Defs.' Mot., ECF No. 12) and Policemen Defendants replied (Policemen Defs.' Reply Br., ECF No. 17). Plaintiffs thereafter filed a sur-reply without permission from the Court. (*See* Pls.' Sur-Reply, ECF No. 18.) Policemen Defendants subsequently filed correspondence asking the Court to disregard Plaintiffs' impermissible sur-reply. (*See* Jan. 29, 2026, Correspondence, ECF No. 25.) On December 23, 2025, EMS Defendants also moved to dismiss all counts against them. (EMS Defs.' Mot.) Plaintiffs opposed (Pls.' Opp'n to EMS Defs.' Mot., ECF No. 23) and EMS Defendants replied (EMS Defs.' Reply Br., ECF No. 27).

---

[6] The Court notes that Plaintiffs repeat paragraph numbers 1 through 4 throughout their SAC's "legal claims and causes of action" section. For clarity, the Court identifies the page number and paragraph number for those paragraphs cited. As an example, the cite "9 ¶ 4" refers to paragraph 4 found on page 9 discussing Count One.

[7] As set forth in Footnote 1, the Policemen Defendants requested that the Court apply their arguments in support of dismissal of the original Complaint to the SAC. (*See generally* Mar. 27, 2026, Correspondence.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure[8] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[8] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## III.   <u>DISCUSSION</u>

Defendants argue that all claims asserted against them should be dismissed for failure to state a claim. (*See generally* Policemen Defs.' Moving Br., ECF No. 6-3; EMS Defs.' Moving Br., ECF No. 22-3.) The Court turns to EMS Defendants' motion.

EMS Defendants seek dismissal of Plaintiffs' SAC, arguing in part that Plaintiffs fail to "state a short and plain statement of [their] claims against any particular defendant[.]" (*See* EMS Defs.' Moving Br. 6-7.) Specifically, EMS Defendants argue that the SAC "asserts [ten] claims against [fifteen] separate defendants without identifying which defendant is responsible for what act or omission which [P]laintiffs are criticizing." (*Id.* at 7.) In opposition, Plaintiffs do not directly address EMS Defendants' arguments regarding Plaintiffs' failure to allege the roles of each defendant and instead generally argue that Plaintiffs have adequately alleged their claims.[9] (*See generally* Pls.' Opp'n to EMS Defs.' Mot.)

Every pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3); *Travaline v. U.S. Sup. Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Pleadings that violate Rule 8 are sometimes referred to as "shotgun" pleadings or impermissible "group" pleadings. *Foulke v. Township of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (collecting cases). A shotgun pleading or impermissible group pleading "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)). This Court

---

[9] Notably, in making their arguments that they adequately allege their various claims, Plaintiffs fail to specifically cite to *any* allegations contained in the SAC. (*See generally* Pls.' Opp'n to EMS Defs.' Mot.)

6

routinely dismisses complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at \*8 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)); *see also Risis v. Solakian*, No. 23-4188, 2026 WL 1878599, at \*4 (D.N.J. June 30, 2026) ("[B]ecause all counts in the complaint appear to be brought against all [d]efendants without differentiating alleged conduct as to any individual defendant, each cause of action may be dismissed for improper group pleading."); *Karupaiyan v. Tata Consultancy Servs.*, No. 22-1349, 2025 WL 2351073, at \*4 (D.N.J. Aug. 12, 2025) (same).

Here, all of the claims in Plaintiffs' SAC, except for Count Three, are alleged against "Defendants, including [QMT], Salvatore . . . , and Deborah . . . ."[10] (*See generally* SAC.) Plaintiffs, however, do not specify the actions of individual defendants and instead, in multiple claims, collectively allege that "Defendants"[11] have committed a wrongful act. (*See, e.g., id.* at 9 ¶ 3 ("*Defendants* forcibly removed . . . Patsourakis in violation of his clearly established Fourth Amendment rights." (emphasis added)); *id.* at 10 ¶ 3 ("*Defendants* refused to honor valid medical directives . . . ." (emphasis added)); *id.* at 14 ¶ 3 ("*Defendants* knew or should have known that their conduct would cause severe emotional distress . . . ." (emphasis added)).) Because Plaintiffs fail to specify the individual acts certain named defendants took and which facts apply to which

---

[10] Count Three states that "[t]he Township of Marlboro and [QMT] maintained de facto policies, customs, and failures in training and supervision[.]" (SAC 11 ¶ 2.) The same claim goes on to state "[a]s principals and policy-makers, Salvatore . . . and Deborah . . . are liable . . . ." (*Id.* at 11 ¶ 4.) The Court finds that Count Three is an impermissible group pleading for the same reasons the other Counts are. *See Morales*, 2023 WL 5003891, at \*4.

[11] The Court notes that the SAC names defendants other than those who have brought the instant motions to dismiss. (*See generally* SAC.) Therefore, the term "Defendants" as used in the SAC covers more than just the EMS Defendants and Policemen Defendants.

causes of action and which defendant(s) (*see generally id.*), Plaintiffs' SAC must be dismissed without prejudice as an impermissible shotgun pleading.[12]

## IV.    CONCLUSION

For the reasons set forth herein, EMS Defendants and Policemen Defendants' Motions to Dismiss are granted.[13] The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July_____, 2026

---

[12] Although only EMS Defendants raise this argument, the Court finds that all of the claims against all of the named defendants should be dismissed at this time because of the SAC's impermissible group pleading. *See, e.g., Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 n.3 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citations omitted)); *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6).").

[13] Because the Court finds that the SAC is an impermissible group pleading, it need not reach the other arguments made by either EMS Defendants or Policemen Defendants to find that dismissal under Rule 12(b)(6) is appropriate here.